1                                                              'O

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12  VICTORIA ANNUNZIATO P/K/A        CV 20-11592-RSWL-JPRx
    KING VICTOBER,
13                                   **ORDER re: Plaintiff's**
              Plaintiff,             **Motion to Dismiss**
14                                   **Counterclaims [14-1] and**
         v.                          **Strike Affirmative**
15                                   **Defenses and Damages**
16  MEGAN GUTHRIE P/K/A              **Request [14-2]**
    MEGNUTT02, ET AL.,
17
              Defendants.
18

19

20  MEGAN GUTHRIE P/K/A
    MEGNUTT02, ET AL.,
21
              Counterclaimant,
22

23       v.

24  VICTORIA ANNUNZIATO P/K/A
    KING VICTOBER,
25
              Counter-defendants.
26

27

28  ///

                                1

Currently before the Court is a Motion to Dismiss Defendant's Counterclaim [14-1] and Motion to Strike Affirmative Defenses and Damages Request [14-2] filed by Plaintiff/Counter-Defendant Victoria Annunziato ("Plaintiff").  Having reviewed all papers submitted pertaining to the Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion to Dismiss and **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike.

## I. BACKGROUND

**A.   <u>Factual Background</u>**

Defendant/Counterclaimant Megan Guthrie ("Defendant") alleges the following in her Counterclaim[1]:

Defendant was the sole and exclusive owner of the OnlyFans.com[2] account ("Account").  Countercl. ¶ 9, ECF No. 13.  Plaintiff represented to Defendant, among other things, that she possessed the requisite experience and knowledge to manage the Account.  <u>Id.</u> at ¶¶ 10-11.  Because of Plaintiff's representations, Defendant hired Plaintiff to manage the Account.  <u>Id.</u> at ¶¶ 12-13.

---

[1] This action arises from an alleged oral agreement between Plaintiff and Defendant in which Defendant allegedly agreed to pay Plaintiff twenty percent of the income received from her OnlyFans.com account ("Account") as compensation for Plaintiff's managerial services.  Notice of Removal Ex. B ("Compl.") ¶ 6, ECF No. 1-2.

[2] OnlyFans.com is an internet content subscription service where content creators can earn money from users who subscribe to their content.

1  　　　Plaintiff knowingly misrepresented: (1) her prior
2  management experience; (2) the time she would devote to
3  the Account; (3) that she would stop her own pursuits on
4  social media; (4) her familiarity with the rules and
5  regulations of OnlyFans.com; and (5) that she had the
6  requisite skills to manage and increase the Account
7  revenue.  Id. at ¶ 24(a)-(e).

8  　　　Plaintiff also failed to perform her duties, which
9  included: facilitating the posting of all content on the
10 Account and other social media accounts, responding to
11 Defendant's messages, instructing Defendant on content
12 production, employing personnel if necessary, observing
13 applicable laws related to the Account, and
14 communicating with Defendant about Plaintiff's
15 management progress.  Id. ¶ 32(a)-(h).

16 　　　As a result of Plaintiff's misrepresentations and
17 failure to perform her managerial services,[3] Defendant
18 was harmed.  Id. ¶ 34.

19 **B.  Procedural Background**

20 　　　On November 16, 2020, Plaintiff filed her Complaint
21 [1-2] against Defendant, alleging seven causes of
22 action: (1) breach of oral contract; (2) breach of
23 implied contract; (3) quasi-contract/unjust enrichment;

24
25 　　　[3] Defendant argues that Plaintiff failed to: (1) inform
   Defendant that a third party would provide content and manage the
26 Account for substantially less pay; (2) report the existence of
   unanswered messages; (3) prevent copyright violations; (4) employ
27 additional staff as needed; (5) answer messages; (6) work
   adequate hours and hire staff to manage the Account; and (7)
28 notify Defendant of client dissatisfaction.  Id. ¶ 33(a)-(e).

(4) fraud: false promise; (5) fraud: intentional misrepresentation; (6) fraud: negligent misrepresentation; and (7) conversion.  Defendant removed [1] the Action to this Court on December 23, 2020.

Defendant filed a Motion to Dismiss Plaintiff's Complaint and Strike Damages Request [6] on December 29, 2020.  On May 20, 2021, the Court granted in part the Motion [11] and dismissed Plaintiff's fourth, fifth, sixth, and seventh claims from the Complaint.

On June 3, 2021, Defendant filed her Answer and Counterclaim against Plaintiff [12-13], alleging: (1) breach of fiduciary duty; (2) fraudulent misrepresentation; and (3) breach of contract. Plaintiff filed the instant Motion to Dismiss [14-1] and Motion to Strike [14-2] on June 24, 2021.  Defendant filed her Opposition to the Motion to Dismiss [17] and Opposition to the Motion to Strike [18] on July 6, 2021, and Plaintiff replied [19, 20] to both Motions on July 13, 2021.

## II. DISCUSSION

**A.   Legal Standard**

### 1.   Motion to Dismiss

Rule 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Dismissal is warranted for a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the claims. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

///

///

### 2.  __Motion to Strike__

Rule 12(f) provides that a court may, by motion or on its own initiative, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)). "Motions to strike are generally disfavored."  Leghorn v. Wells Fargo Bank, N.A., 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013) (citation omitted); see also Sapiro v. Encompass Ins., 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

"In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party."  Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011).  "[B]efore granting such a motion . . . the court must be satisfied that there are no questions of fact, that the [claim or] defense is insufficient as a matter of law, and that under no circumstance could [it]

1  succeed." <u>Id.</u> (citing <u>Tristar Pictures, Inc. v. Del</u>
2  <u>Taco, Inc.</u>, No. CV 99-07655 DDP(Ex), 1999 WL 33260839,
3  at *1 (C.D. Cal. Aug. 31, 1999)). "[C]ourts frequently
4  require the moving party to demonstrate prejudice before
5  granting the requested relief, and ultimately whether to
6  grant a motion to strike falls on the sound discretion
7  of the district court." <u>Cook v. County of Los Angeles</u>,
8  No. CV 19-2417 JVS (KLSx), 2021 WL 1502704, at *2 (C.D.
9  Cal. Mar. 31, 2021) (internal quotation marks and
10 citation omitted).

**B.  <u>Discussion</u>**

**1.  <u>Motion to Dismiss</u>**

13     Plaintiff moves to dismiss Defendant's counterclaims
14 for: (1) breach of fiduciary duty; (2) fraudulent
15 misrepresentation; and (3) breach of contract.  <u>See</u>
16 <u>generally</u> Mot. to Dismiss.

17         <u>i.  *Breach of Fiduciary Duty*</u>

18     "In order to plead a claim for breach of fiduciary
19 duty [in California], the claimant must allege (1) the
20 existence of a fiduciary relationship giving rise to a
21 fiduciary duty, (2) breach of that duty, and (3) damage
22 proximately caused by the breach."  <u>Negrete v. Fidelity</u>
23 <u>& Guardian Life Ins. Co.</u>, 444 F. Supp. 2d 998, 1003
24 (C.D. Cal. 2006).

25     "[B]efore a person can be charged with a fiduciary
26 obligation, he must either knowingly undertake to act on
27 behalf and for the benefit of another, or must enter
28 into a relationship which imposes that undertaking as a

matter of law." <u>Alvarado Orthopedic Rsch, L.P. v.</u>
<u>Linvatec Corp.</u>, No. 11-CV-246-IEG RBB, 2011 WL 3703192,
at *3 (citations and internal quotation marks omitted).
A person "knowingly undertake[s] to act on behalf and
for the benefit of another" when they intend to
subordinate their interests to another party. <u>EduMoz,</u>
<u>LLC v. Republic of Mozambique</u>, No. CV1302309MMMCWX, 2014
WL 12802921, at *25 (C.D. Cal. July 21, 2014); <u>cf.</u> <u>City</u>
<u>of Hope Nat'l Med. Ctr. v. Genentech, Inc.</u>, 43 Cal. 4th
375, 386 (2008) (finding that a party did not knowingly
undertake fiduciary obligations where there was a
mutually beneficial arrangement). Further, "examples of
relationships that impose fiduciary duties as a matter
of law include a joint venture, a partnership, or an
agency." <u>Alvarado Orthopedic Rsch</u>, 2011 WL 3703192, at
*4 (internal quotation marks omitted).

Here, Plaintiff argues in part that Defendant's
breach of fiduciary duty counterclaim should be
dismissed because it is insufficiently pled. The Court
agrees. Defendant has neither alleged facts showing
that Plaintiff knowingly undertook fiduciary
obligations, nor that Plaintiff owed Defendant a
fiduciary duty as a matter of law. As such, Defendant
has not pled sufficient facts to establish a fiduciary
relationship between the parties.

Defendant alleges in her Counterclaim that
"[Plaintiff] was duty-bound to act with the utmost good
faith for the benefit of [Defendant]" and that

1   [Defendant] placed her confidence in . . . [Plaintiff],

2   who voluntarily accepted the confidence, and agreed to

3   act as [Defendant]'s manager."  Countercl. ¶ 13.

4   Additionally, in her Opposition, Defendant claims that

5   she and Plaintiff had a relationship analogous to that

6   of a principal and agent, and that she placed her trust

7   and confidence in Plaintiff.  Opp'n to Mot. to Dismiss

8   at 8:9-10; 8:12-20.  These allegations, without more,

9   are insufficient to show that Plaintiff knowingly

10  undertook to act as Defendant's fiduciary.  See World

11  Surveillance Grp. Inc. v. La Jolla Cove Invs., Inc., 66

12  F. Supp. 3d 1233, 1235 (N.D. Cal. 2014) (dismissing a

13  breach of fiduciary duty claim where it only alleged

14  "typical arms-length business dealings" and that

15  defendant "would continue to act" in plaintiff's "best

16  interests").  Just because Plaintiff agreed to manage

17  Defendant does not elevate their relationship to that of

18  principal and agent.  See Sonoma Foods, Inc. v. Sonoma

19  Cheese Factory, LLC, 634 F. Supp. 2d 1009, 1021 (N.D.

20  Cal. 2007) ("[Mere] contractual relationships, without

21  more, do not give rise to fiduciary relationships.");

22  cf. Wiltsee v. California Emp. Commission, 69 Cal.App.2d

23  120, 125, 128 (employment contract entitling an employee

24  to 25 percent of future profits neither created a joint

25  venture nor gave rise to a fiduciary relationship); cf.

26  Dufour v. BE LLC, No. C 09-03770 CRB, 2010 WL 2560409,

27  at *4 (N.D. Cal. June 22, 2010) (dismissing breach of

28  fiduciary duty claim with prejudice where managerial

1   services "did not constitute a true personal
2   representation" and where defendants did not control
3   plaintiff's property giving rise to a fiduciary duty).
4   That Defendant placed her "trust and confidence" in
5   Plaintiff does not establish a fiduciary relationship
6   either.  See City Solutions, Inc. v. Clear Channel
7   Commc'ns, Inc., 201 F. Supp. 2d 1048, 1050 (N.D. Cal.
8   2002) ("The mere fact that in the course of their
9   business relationships the parties reposed trust and
10  confidence in each other does not impose any
11  corresponding fiduciary duty.").

12      Defendant also has not alleged facts to show that a
13  fiduciary duty was imposed as a matter of law.  See
14  generally Countercl.  Nowhere in her Counterclaim does
15  she mention that the parties were in a partnership,
16  joint venture, or special relationship.[4]  Id.  In fact,
17  Defendant vehemently denies that a partnership or joint
18  venture was formed between the parties.  Opp'n to Mot.
19  to Dismiss at 6:12-14 ("[Plaintiff's] partnership and/or
20  joint venture commentary are as untrue as they are
21  unpleaded . . . .").

22      Because Defendant has neither alleged facts showing
23  that Plaintiff knowingly undertook a fiduciary duty, nor

24      [4] While Defendant alleges that the parties were in a
25  principal-agent relationship, this allegation is conclusory at
    best for the reasons discussed above.  Interestingly, Plaintiff
26  argues that the parties formed a joint venture/partnership, but
    this is irrelevant to the inquiry here because the focus is on
27  how well-pled Defendant's counterclaims are.

28

that a fiduciary duty was imposed as a matter of law, the Court **GRANTS** Plaintiff's Motion to Dismiss with leave to amend as to this claim.  The Court will not address Plaintiff's arguments regarding the economic loss rule at this time.

### ii. *Fraudulent Misrepresentation*

Plaintiff argues that Defendant's fraudulent misrepresentation counterclaim should be dismissed, in part because: (1) it fails to meet the heightened pleading standard under Federal Rule of Civil Procedure "Rule" 9(b); and (2) fraudulent intent is insufficiently alleged. See Mot. to Dismiss at 13:6-14:16.  The Court agrees.

### 1. *Dismissal Under Rule 9(b)*

Plaintiff asserts that "Defendant fails to plead any of th[e] [fraudulent misrepresentation] cause of action with the requisite particularity[,] falling silent on the questions of 'where, when, why, and how.'" Id. at 13:14-16.  In opposition, Defendant states that the fraud counterclaim satisfies Rule 9(b) because it is specific enough to give Plaintiff notice of the misconduct so that she can defend against it.  Opp'n to Mot. to Dismiss at 7:22-23.

"Claims for fraud . . . must meet the heightened pleading requirements of Rule 9(b)."  UMG Recordings, Inc. v. Glob. Eagle Ent., Inc., 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015) (citations omitted).  Under Rule 9(b), fraud allegations must include the "time, place,

and specific content of the false representations as
well as the identities of the parties to the
misrepresentations." Id. at 1106 (citations omitted);
see also Davidson v. Kimberly-Clark Corp., 889 F.3d 956,
964 (9th Cir. 2018) ("To properly plead fraud with
particularity under Rule 9(b), 'a pleading must identify
the who, what, when, where, and how of the misconduct
charged, as well as what is false or misleading about
the purportedly fraudulent statement, and why it is
false.'") (quoting Cafasso, U.S. ex rel v. Gen. Dynamics
C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).
Here, Defendant fails to adequately allege "when" and
"where" the fraud occurred, in addition to "what" was
fraudulent and "why" it was fraudulent.[5]

Rule 9(b) requires that the dates of fraudulent
misconduct be alleged with specificity. See Pegasus
Trucking, LLC v. Asset Redeployment Grp., Inc., 2021
U.S. Dist. LEXIS 68881, at *15 (C.D. Cal. Feb. 16, 2021)
("Plaintiffs state the transaction . . . commenced in

---

[5] Plaintiff also argues that Defendant "fall[s] silent" in
pleading "how" the alleged misrepresentations were false.  Mot.
to Dismiss at 13:15-16.  In her Counterclaim, Defendant alleges
that Plaintiff "knew . . . the statements w[ere] false when . . .
made . . ." and that "[i]n making the false statements,
[Plaintiff] intended that [Defendant] would rely on [them]."
Countercl. at 4:15-17.  Contrary to Plaintiff's argument, these
allegations are sufficient to show "how" the alleged
misrepresentations were false.  See Fitzpatrick v. Fitzpatrick,
No. 2:12-CV-2938 GEB AC, 2014 WL 2197610, at *6 (E.D. Cal. May
27, 2014); Tyco Industries, Inc. v. Superior Court, 164 Cal. App.
3d 148, 156 (1985) ("[T]he falsity of that promise is
sufficiently pled with a general allegation the promise was made
without an intention of performance.").

late December 2018 or early January 2019 . . . but
Plaintiffs do not allege specific instances on specific
dates where the purported promises were made."").
General allegations of the month and year in which the
purported fraudulent misconduct occurred do not suffice.
See Glen Holly Entm't, Inc. v. Tektronix, Inc., 100 F.
Supp. 2d 1086, 1094 (C.D. Cal. 1999) ("[A]llegations
such as 'during the course of discussions in 1986 and
1978,' and 'in or about May through December 1987' do
not make the grade under Rule 9(b)."") (quoting U.S.
Concord, Inc. v. Harris Graphics Corp., 757 F. Supp.
1053, 1057 (N.D. Cal. 1991))).  Here, Defendant alleges
that Plaintiff's misrepresentations were made "on or
about October 2020."  Countercl. ¶ 24.  Because merely
alleging the month and year "do[es] not make the grade
under Rule 9(b)," Defendant's fraudulent
misrepresentation claim does not meet Rule 9(b)'s
standard.

Rule 9(b) additionally requires that the location
of alleged fraudulent misconduct be specified.  See U.S.
ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048,
1051-52 (9th Cir. 2001) (finding that a plaintiff's
claim had no factual support where it did not specify
the places where the alleged fraudulent misconduct
occurred).  Here, Defendant does not mention in her
Counterclaim where Plaintiff's alleged
misrepresentations were made.  See generally Countercl.
Defendant's Opposition is similarly devoid of a

13

discussion as to where the misrepresentations occurred.
See generally Opp'n to Mot. to Dismiss.  Therefore,
Defendant's fraudulent misrepresentation claim fails to
meet Rule 9(b) for this additional reason.

Moreover, "[a] pleading is sufficient under Rule
9(b) if it identifies the circumstances constituting
fraud so that a defendant can prepare an adequate answer
to the allegations.  Moore v. Kayport Package Exp.,
Inc., 885 F.2d 531, 540 (9th Cir. 1989) (citation
omitted).  Broad allegations lacking particularized
supporting detail are insufficient.  Bly-Magee v.
California, 236 F.3d 1014, 1019 (9th Cir. 2001); see
also SmithKline Beecham, 245 F.3d at 1051 (finding that
a complaint was not specific enough under Rule 9(b)
where it alleged that a defendant "knowingly" falsified
laboratory results).  Here, Defendant's allegations lack
particularized supporting detail.  Defendant broadly
claims that Plaintiff misrepresented her management
experience and the time she would devote to the Account,
in addition to other allegedly false statements.
Countercl. ¶ 24.  Defendant does not detail what was
fraudulent about Plaintiff's statements and does not
attempt to explain why they were false.  See generally
id.; see generally also Opp'n to Mot. to Dismiss.
Without more, these allegations are not "specific enough
to give [Plaintiff] notice of the particular
[fraudulent] misconduct . . . so that [she] can defend
against [it] and not just deny that [she] ha[s] done

anything wrong." Bly-Magee, 236 F.3d at 1019 (citation omitted); see also Houston v. Medtronic, Inc., 957 F. Supp. 2d 1166, 1180 (C.D. Cal. 2013) (dismissing fraudulent misrepresentation because plaintiff "fail[ed] to allege the specific contents of [defendants] representations . . . and why they were false"). As such, Defendant's fraudulent misrepresentation claim fails to satisfy Rule 9(b) on these additional grounds.

### 2. *Dismissal for Failure to Sufficiently Allege Fraudulent Intent*

Plaintiff asserts that "Defendant . . . makes the conclusory statement that '[Plaintiff] intended that [Defendant] would rely on the false statements,' which is insufficient [to allege intent within a fraudulent misrepresentation counterclaim]." Mot. to Dismiss at 14:10-16. Defendant is silent as to this argument in her Opposition. See generally Opp'n to Mot. to Dismiss. The Court agrees with Plaintiff here.

In California, a fraud claim requires: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. EduMoz, LLC, 2014 WL 12802921, at *26. While Rule 9(b) requires that circumstances constituting fraud be stated with particularity, intent may be alleged generally under Rule 8(a). Fed. R. Civ. Proc. 9(b); see also R Power Biofuels, 2017 WL 1164296, at *10 ("[A]llegations of intent must still satisfy the plausibility requirements of Rule 8(a).").

Merely pleading that "representations and promises were false when they were made," and that a defendant "knew . . . representations were false when they were made," is insufficient to allege intent even under Rule 8(a).  UMG Recordings, 117 F.Supp.3d at 1109 ("Although allegations of scienter need not meet rule 9(b)'s specificity requirement, these allegations are insufficient even to satisfy Rule 8(a).").  While intent can be averred generally, "a plaintiff must [still] point to facts which show that [a] defendant harbored an intention not to be bound by [the] terms of [a] contract at formation."  Id. at 1109-10.

Here, Defendant has not adequately alleged intent.  In her Counterclaim, Defendant only alleges that "[i]n making the false statements, Plaintiff intended that [Defendant] would rely on the false statements." Countercl. ¶ 26.  Defendant has not pointed to any facts showing that Plaintiff had an intention not to be bound by the parties' agreement at formation.  See generally id.; Opp'n to Mot. to Dismiss.  Thus, it appears that Defendant alleges intent based only on Plaintiff's nonperformance of her managerial duties, which is insufficient.  See R Power Biofuels, 2017 WL 1164296, at *11 ("It is insufficient to allege intent based purely on [a] [d]efendant's failure to perform its promises."); see also Tenzer v. Superscope, Inc., 39 Cal.3d 18, 30 (1985) ("[S]omething more than nonperformance is required to prove [a] defendant's intent not to perform

1    his promise.").  On this additional basis, the Court

2    **GRANTS** Plaintiff's Motion to Dismiss Defendant's

3    fraudulent misrepresentation claim with leave to amend.

4    The Court will not address Plaintiff's arguments

5    regarding the economic loss rule at this time.

6              iii. *Breach of Contract Counterclaim*

7         Plaintiff argues that Defendant's breach of

8    contract counterclaim should be dismissed because it

9    fails to allege consideration and whether Defendant

10   performed or was otherwise excused from performance

11   under the contract.  Mot. to Dismiss at 15:5-9.

12   Defendant asserts that, on the contrary, she has pled

13   the requisite elements for a breach of contract claim.

14   Opp'n to Mot. to Dismiss at 11:1-4.  The Court agrees

15   with Plaintiff.

16        In California, "the elements of a viable breach of

17   contract claim are: (1) the existence of a contract, (2)

18   plaintiff's performance or excuse for nonperformance,

19   (3) defendant's breach, and (4) damages . . . as a

20   result of the breach."  Alpha GRP, Inc. v. Subaru of

21   Am., Inc., No. CV182133MWFMRWX, 2018 WL 5986989, at *10

22   (C.D. Cal. June 8, 2018) (citations and internal

23   quotation marks omitted).  "Under California law,

24   consideration is an essential element of a contract."

25   VasoNova, Inc. v. Grunwald, No. C 12-02422 WHA, 2012 WL

26   6161041, at *5 (N.D. Cal. Dec. 11, 2012) (citation

27   omitted); see also Cal. Civ. Code § 1150 ("It is

28   essential to the existence of a contract that there

17

1   should be: (1) parties capable of contracting; (2) their
2   consent; (3) a lawful object; and (4) a sufficient cause
3   or consideration.").

4       Here, Defendant has not alleged consideration in
5   her breach of contract counterclaim.  See generally
6   Countercl.  Further, in her Opposition, Defendant merely
7   restates the allegations in her Counterclaim without
8   addressing the arguments raised by Plaintiff.  See
9   generally Opp'n to Mot. to Dismiss.  Because Defendant
10  has not alleged consideration whatsoever, the Court
11  dismisses Defendant's breach of contract counterclaim.
12  Cf. VasoNova, 2012 WL 6161041, at *5 (dismissing breach
13  of contract claim for failure to "plead any
14  consideration").

15      Defendant also has not alleged that she performed
16  under the contract or was otherwise excused from
17  performing.  See generally Countercl.  In her
18  Counterclaim, Defendant merely states that "[Defendant]
19  and [Plaintiff] entered into a contract in which
20  [Plaintiff] agreed to manage [Defendant]'s
21  Only[F]ans.com account."  Id. ¶ 31.  Defendant alleges
22  Plaintiff's obligations under the contract but is silent
23  as to her own.  See generally id.  Without more, the
24  Court cannot "determine the nature of the parties'
25  obligations . . . ."  See Alpha GRP, 2018 WL 5986989, at
26  *10.  Therefore, the Court dismisses Defendant's breach
27  of contract counterclaim on this additional ground.  Id.
28  (holding that failure to plead "what [defendant]

precisely promised . . . , the effective date of the
contract, [and] the duration of the contract . . ." was
"fatal to the breach of contract claim").

For the foregoing reasons, the Court **GRANTS**
Plaintiff's Motion to Dismiss Defendant's Counterclaims
in its entirety with leave to amend each claim.

2. Motion to Strike

Plaintiff moves to strike Defendant's damages
requests and affirmative defenses. See generally Mot.
to Strike.

i. *Damages Requests*

In tandem with her Counterclaim, Defendant
requested: (1) punitive and exemplary damages; (2)
attorney's fees and costs; and (3) consequential and
incidental damages. See Mot. to Strike at 1:1-12.

In her Opposition to Plaintiff's Motion to Strike,
Defendant withdrew her request for attorney's fees and
costs. Opp'n to Mot. to Strike at 2:9-11. Accordingly,
the Court **DENIES as moot** Plaintiff's Motion to Strike
Defendant's request for attorney's fees and costs.

Further, given that the Court **GRANTS** Plaintiff's
Motion to Dismiss for the reasons outlined above,
Plaintiff's Motion to Strike Defendant's requests for:
(1) punitive and exemplary damages; and (2)
consequential and incidental damages are additionally
**DENIED as moot.**

///

///

19

*ii.  Affirmative Defenses*

Rule 8(b)(1) requires a party to "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).  Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "A defense may be stricken as insufficient if it fails to give plaintiff 'fair notice' of the defense." Perez v. Gordon & Wong L. Grp., P.C., No. 11-CV-03323-LHK, 2012 WL 1029425, at *5 (N.D. Cal. Mar. 26, 2012) (quoting Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir.1979)); see also Schwarz v. Meinberg, No. CV1300356BROPLAX, 2016 WL 4011716, at *4 (C.D. Cal. July 15, 2016) (noting that the majority of courts within the Central District of California apply the fair notice standard when addressing the sufficiency of affirmative defenses).  "Fair notice" requires that affirmative defenses "be supported by at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief."  Rosen v. Masterpiece Marketing Group, LLC, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016).

"A court may also strike from an answer matter that is immaterial, i.e., 'that which has no essential or important relationship to the claim for relief or the defenses being plead,' or matter that is impertinent, i.e., that which does not pertain, and is not necessary,

to the issues in question." Id. (quoting Fantasy, Inc.
v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd
on other grounds, 510 U.S. 517(1994)).

> a.   *Affirmative Defense #1: Failure to*
> *State a Claim*

Defendant withdraws her "failure to state a claim"
defense.  Opp'n to Mot. to Strike at 3:11-12.
Accordingly, the Court **DENIES as moot** Plaintiff's Motion
to Strike Defendant's first affirmative defense.

> b.   *Affirmative Defense #2: Offset*

Defendant contends that she "is entitled to an
offset against any award in the amount of the damages
caused by [Plaintiff]."  Answer ¶ 41, ECF No. 12.
Plaintiff attacks the sufficiency of Defendant's offset
defense and argues that it is redundant in light of
Defendant's breach of contract counterclaim, which would
"naturally entail an offset. . . ."  Mot. to Strike at
8:2-5; Reply to Mot. to Strike Opp'n at 1:23-25.
Plaintiff does not provide legal support for its
argument, however.  See generally id.  In fact,
California district courts have denied motions to strike
where movants have similarly argued that an offset
defense is repetitive of counterclaims.  See, e.g.,
Snap! Mobile, Inc. v. Croghan, No. 18-CV-04686-LHK, 2019
WL 884177, at *2 (N.D. Cal. Feb. 22, 2019) (denying
motion to strike offset defense even though it repeated
allegations in a counterclaim).

Still, Defendant's offset defense will be stricken

because it is insufficient.  "Under the fair notice standard, even defenses that are pled in a conclusory manner may provide fair notice so long as they are 'potentially viable affirmative defenses, the nature of the defenses is well known, and [the] [p]laintiff can seek discovery regarding the purported factual basis for the[] defenses.'"  Schwarz, 2016 WL 4011716, at *4 (citation omitted).  Here, Defendant requests that Plaintiff's recovery be offset by the amount of damages caused to Defendant.  Answer ¶ 41.  However, Defendant does not specify a damages amount or otherwise indicate how much the offset would be.  See generally Answer.  As such, Defendant's offset defense is too conclusory and does not provide Plaintiff with notice of the amount of damages allegedly caused to Defendant.  Cf. Jacobson v. Persolve, LLC, No. 14-CV-00735-LHK, 2014 WL 4090809, at *9 (N.D. Cal. Aug. 19, 2014) (holding that an offset defense was sufficient because plaintiff had notice of the amount potentially owed to defendant based on the context of the dispute.)

Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike Defendant's offset defense, with leave to amend to add a more specified offset amount.  See Wyshak v. City Nat. Bank, 607 F.2d 824, 826 (9th Cir. 1979) ("In the absence of prejudice to the opposing party, leave to amend [affirmative defenses] should be freely given.").
///
///

1          *c.   Affirmative Defense #3: Vagueness as*
2               *to Term*

3          Plaintiff argues that Defendant's "vagueness as to
4     term" defense is redundant and not an affirmative
5     defense because it overlaps with Defendant's breach of
6     contract counterclaim.  Mot. to Strike 8:9-18.
7     Defendant asserts that it is valid because "contract
8     terms must be ascertainable (or not vague) for a
9     contract to be enforceable."  Opp'n to Mot. to Strike
10    4:2-7.  Defendant's argument is unavailing.

11         "Affirmative defenses plead matters extraneous to
12    [a] plaintiff's prima facie case, which deny plaintiff's
13    right to recover, even if the allegations of the
14    complaint are true."  Schwarz, 2016 WL 4011716, at *5
15    (citation and internal quotation marks omitted).  "In
16    contrast, denials of the allegations in [a] [c]omplaint
17    or allegations that [a] [p]laintiff cannot prove the
18    elements of his claims are not affirmative defenses."
19    Id.  "Therefore, defenses that deny or seek to disprove
20    elements of a [p]laintiff's claim[] are not affirmative
21    defenses and should be stricken."  Id.

22         Here, Defendant's vagueness as to term defense
23    serves to attack an element of Plaintiff's breach of
24    contract claim—that an enforceable contract existed
25    during the period for which Plaintiff seeks recovery.
26    As such, vagueness as to term is not an affirmative
27    defense and will be stricken.  See Zivkovic v. S. Cal.
28    Edison Co., 302 F. 3d 1080, 1088 (9th Cir. 2002) ("A

defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); see also Dairy Emps. Union Loc. No. 17 v. Dairy, No. 5:14-CV-01295-RSWL-M, 2015 WL 505934, at *4 (C.D. Cal. Feb. 16, 2015) (striking an affirmative defense challenging an element of plaintiffs' prima facie case as improper).  The Court therefore **GRANTS** Plaintiff's Motion to Strike Defendant's third affirmative defense with prejudice.  See id. (denying leave to amend because "[d]efendant may assert this allegation in any other proper manner, but not as an affirmative defense").

> d.   *Affirmative Defense #4: Breach of*
> *Implied Covenant of Good Faith and*
> *Fair Dealing*

Defendant argues that Plaintiff "breached her contract by failing to provide the service agreed upon and by breaching the implied covenant of good faith and fair dealing."  Answer ¶ 43.  Defendant counters that this defense is duplicative of Plaintiff's breach of contract counterclaim and fails to state an independent claim for breach of the implied covenant.  Mot. to Strike 8:22-9:21.

The Court does not agree that Defendant's fourth affirmative defense should be stricken as duplicative of her breach of contract claim.  Though similar, the two claims consist of different elements and are therefore separate legal theories.  See Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal.

24

2010) (listing the elements for a cause of action for breach of the implied covenant of good faith and fair dealing under California law); <u>Body Jewelz, Inc. v. Valley Forge Ins. Co.</u>, 241 F. Supp. 3d 1084, 1090 (C.D. Cal. 2017) (listing the elements for a breach of contract claim under California law).

However, the Court nevertheless finds that this defense is insufficiently pled.  The elements required to prove breach of the implied covenant of good faith and fair dealing are: "(1) the parties entered into a contract; (2) [Defendant] fulfilled [her] obligations under the contract; (3) any conditions precedent to [Plaintiff's] performance occurred; (4) [Plaintiff] unfairly interfered with [Defendant's] rights to receive the benefits of the contract; and (5) [Defendant] was harmed by [Plaintiff's] conduct." <u>Rosenfeld</u>, 732 F. Supp. 2d at 968.  In alleging this affirmative defense, however, Defendant simply states that Plaintiff "failed to provide the service agreed upon" and breached the implied covenant.  Answer ¶ 43.

Though acknowledging the existence of a contract, Defendant provides no facts indicating that she fulfilled her obligations under it.  Defendant similarly fails to describe which benefits under the contract Plaintiff interfered with, and how her conduct amounted to a failure to perform under the terms of the agreement.  While Defendant need not meet the <u>Iqbal</u>/<u>Twombly</u> standard of plausibility in pleading

affirmative defenses, Defendant must provide "*some* facts indicating the grounds on which the defense is based." See Rosen, 222 F. Supp. at 802 (emphasis added).  Merely adding a conclusory statement that Plaintiff breached the implied covenant is insufficient.  See Microsoft Corp. v. Hon Hai Precision Indus. Co., No. 19-CV-01279-LHK, 2020 WL 836712, at *13 (N.D. Cal. Feb. 20, 2020) (striking the affirmative defense of breach of the implied covenant of good faith and fair dealing because it was insufficiently pled and recited a mere legal conclusion).  Furthermore, Defendant's failure to adequately plead the existence of a contract in the first place makes this affirmative defense especially questionable.

The Court accordingly **GRANTS** Plaintiff's Motion to Strike the fourth affirmative defense with leave to amend.  See Wyshak, 607 F.2d at 826.

e.  *Affirmative Defense #5: Breach of Material Term Excusing Performance*

In her fifth affirmative defense, Defendant asserts that Plaintiff "breached material provisions of any oral or implied contract and thereby damaged [Defendant] and is prohibited from recovery."  Answer ¶ 44.  Plaintiff argues this claim is redundant because it is the same as Defendant's counterclaim for breach of contract.  Mot. to Strike 9:25-28.

Under California law, the elements of a cause of action for breach of contract are: "(1) existence of a

contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." <u>Body Jewelz, Inc.</u>, 241 F. Supp. 3d at 1090.  Thus, Defendant's assertion that Plaintiff breached material terms of the agreement serves to negate a prima facie element of Plaintiff's breach of contract claim—that Plaintiff fully performed her obligations under the contract. This claim is therefore not an affirmative defense and is stricken.  See <u>Zivkovic</u>, 302 F. 3d at 1088; <u>Cathay Logistics, LLC v. Gerber Plumbing Fixtures, LLC</u>, No. 2:15-cv-02926-ODW(RAO), 2016 WL 3912011, at *5 (C.D. Cal. July 19, 2016) ("[D]emonstrating performance and/or an excuse for non-performance under the contract is part of [Plaintiff]'s *prima facie* case; it is not an affirmative defense.").

The Court therefore **GRANTS** Plaintiff's Motion to Strike the fifth affirmative defense with prejudice. See <u>Zody v. Microsoft Corp.</u>, No. C-12-00942-YGR, 2013 WL 2468250, at *8 (N.D. Cal. 2013) (striking defendant's breach-of-contract affirmative defense without leave to amend because it addressed plaintiff's affirmative case).

### f.  Affirmative Defense #6: Fraud

Defendant asserts that any agreement between herself and Plaintiff is invalid because it was based on fraudulent misrepresentations by Plaintiff.  Answer ¶ 45.  Plaintiff asserts that this defense should be

1   stricken because it fails to meet the heightened

2   pleading standard under Rule 9(b), is redundant, and is

3   nevertheless barred by the economic loss rule.  Mot. to

4   Strike 10:5-11:5.

5        In all averments of fraud, including affirmative

6   defenses, the circumstances constituting the fraud must

7   be stated with particularity.  ADP Comm. Leasing, Inc.

8   v. M.G. Santos, Inc., No. CV F 13-0587 LJO SKO, 2013 WL

9   3863897, at *9 (E.D. Cal. July 24, 2013) (citing

10  Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp.

11  2d 1200, 1210-1211 (S.D. Cal. 2007)).  Despite

12  Defendant's inclusion of Plaintiff's alleged

13  misrepresentations, the pleading of this affirmative

14  defense is insufficient for the same reasons that

15  Defendant's fraud counterclaim fails to survive a motion

16  to dismiss.  Defendant again fails to allege when and

17  where the fraudulent statements took place and does not

18  include particularized supporting detail.

19       Accordingly, the Court **GRANTS** Plaintiff's Motion to

20  Strike Defendant's sixth affirmative defense with leave

21  to amend to plead the circumstances of fraud with

22  greater specificity.  See Wyshak, 607 F.2d at 826.

23                  *g.  Affirmative Defense #7: Unclean Hands*

24       Defendant asserts that Plaintiff's claims are

25  barred "by virtue of Plaintiff's unclean hands in the

26  matters giving rise to the agreement and Plaintiff's

27  intentional withholding of material information from

28  Defendant."  Answer ¶ 50.  Defendant argues that this

28

1  defense should be stricken because it relies on

2  Defendant's allegations of fraud, and Defendant has

3  therefore "failed to provide Plaintiff fair notice of

4  the grounds upon which the defense rests."  Mot. to

5  Strike 11:9-15.

6      Here, because Defendant's unclean hands defense

7  depends upon the allegations of fraud, this affirmative

8  defense must be held to the same heightened pleading

9  standard.  See Intel Corp. v. Hyundai Electronics Am.,

10 Inc., 692 F. Supp. 1113, 1117 (N.D. Cal. 1987).  Thus,

11 the Court **GRANTS** the Motion to Strike as to the seventh

12 affirmative defense because Defendant fails to state the

13 circumstances of the fraudulent activity with sufficient

14 particularity.[6]  See id. (striking defendant's unclean

15 hands affirmative defense because it referred to

16 allegations of fraud but failed to allege specific facts

17 to support those allegations). However, the Court grants

18 Defendant leave to amend to plead the circumstances of

19 fraud with greater specificity.  See Wyshak, 607 F.2d at

20 826.

21 ///

22

23     [6] Defendant relies on Gen-Probe Inc. v. Becton Dickinson &
   Co., No. 09-cv-2319 BEN (NLS), 2010 WL 4442731, at *1 (S.D. Cal.
24 Nov. 1, 2010), for the proposition that "a mere statement that a
   defendant intends to assert the [unclean hands] defense is
25 sufficient under the Rules."  Opp'n to Mot. to Strike 5:10-11.
   However, the assertion of unclean hands there did not involve
26 allegations of fraudulent conduct and therefore did not invoke
   the heightened pleading standard under Rule 9(b).  See Gen-Probe
27 Inc., 2010 WL 4442731, at *1.  Thus, its reasoning is
   inapplicable here.
28

**III. CONCLUSION**

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Dismiss.  With respect to Plaintiff's Motion to Strike, the Court **DENIES as moot** the motion to strike damages requests and Defendant's first affirmative defense; **GRANTS with leave to amend** the motion to strike Defendant's second, fourth, sixth, and seventh affirmative defenses; and **GRANTS with prejudice** the motion to strike Defendant's third, fifth affirmative defenses.

**IT IS SO ORDERED.**

DATED: October 26, 2021

/s/ Ronald S.W. Lew
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge